**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-1950-GPG-KAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

STATE OF COLORADO,
COLORADO DEPARTMENT OF PUBLIC SAFETY

     Defendants.

---

**UNOPPOSED MOTION FOR PAGE EXTENSION BY STATE OF COLORADO
AND COLORADO DEPARTMENT OF PUBLIC SAFETY**

---

Pursuant to GPG Civ. Practice Standard 10.1(c)(5), Defendants State of Colorado and the Colorado Department of Public Safety (collectively "Defendants") move for a 15-page extension to file a joint 30-page motion to dismiss. Plaintiff United States of America does not object to the requested relief. Defendants submit that there is good cause for granting the requested relief:

1.    In this lawsuit, the United States seeks to facially challenge and enjoin enforcement of Colorado's large-capacity magazine restriction, Colo. Rev. Stat. § 18-12-301–302, as violating the Second Amendment. But because the Department of Justice lacks authority to bring this facial challenge, it instead seeks to shoehorn its claims through its limited authority to redress "a pattern or practice of conduct by law enforcement officers" that violate the Constitution. *See, e.g.*, ECF No. 1 ("Compl.") ¶ 58 ("[T]he Magazine Ban violates the Second Amendment. Accordingly, there is a pattern

1

or practice of conduct by the CO Law Enforcement Officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution."). This raises a host of threshold issues regarding the cognizability of the United States' claims and the Court's jurisdiction to hear them, even if they existed.

2.    Defendants intend to file a motion to dismiss the claims against them in their entirety pursuant to Rule 12(b)(1) and 12(b)(6) and have conferred with opposing counsel regarding that motion pursuant to GPG Civ. Practice Standard 7.1B.

3.    Defendants have endeavored to address that motion as efficiently as possible. Due to the novelty of the claims and complexity of the defenses, Defendants respectfully request authority to file a joint 30-page motion to dismiss and accordingly request a 15-page extension of the normal limitations.

4.    Defendants conferred with counsel for Plaintiff United States who indicated that it does not object to the requested relief. Defendants agreed that they would similarly not oppose Plaintiff's request for a 15-page extension for an Answer Brief.

5.    For good cause shown, the Court should grant the motion and permit Defendants to file a joint 30-page motion to dismiss.

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General of Colorado

By: /s/ Gabe Podesta
David Moskowitz
*Deputy Solicitor General*
Peter Baumann
*Senior Assistant Attorney General*
Gabe Podesta
*Senior Assistant Attorney General*

2

Sam Wolter
*Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov
peter.baumann@coag.gov
gabe.podesta@coag.gov
samuel.wolter@coag.gov

*Counsel for the State of Colorado and
Colorado Department of Public Safety*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Gabe Podesta*
Senior Assistant Attorney General