IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26 cv-1950-SKC-TPO

United States of America,

     Plaintiff,

v.

State of Colorado, Colorado Department of Public Safety,

     Defendants.

---

## DEFENDANTS' MOTION TO STAY DISCOVERY

---

Defendants State of Colorado and Colorado Department of Public Safety move the Court to stay discovery under Rule 26(a)(1) pending resolution of Defendants' Motion to Dismiss [Dkt. 30]. Consistent with D.C.Colo.LCivR 7.1(a), Defendants' counsel conferred in good faith with Plaintiff's counsel regarding the relief requested by this Motion. Plaintiff's counsel stated that their client opposes the requested relief.

### FACTUAL AND PROCEDURAL BACKGROUND

The United States seeks to bring a facial challenge against Colorado's longstanding large-capacity magazine restriction. Because Plaintiff lacks the authority to bring that claim, it attempts to shoehorn its facial challenge through its limited authority under 34 U.S.C. § 12601(a) to redress "pattern or practice" law enforcement misconduct. The whole of Plaintiff's logic is: "the Magazine Ban

violates the Second Amendment. Accordingly, there is a pattern or practice of conduct by the CO Law Enforcement Officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution." [Dkt. No. 1] ("Compl.") ¶ 58.

Plaintiff filed this lawsuit on May 6, 2026 [Dkt. No. 1]. In response, Defendants filed their dispositive Motion to Dismiss [Dkt. No. 30], which is now fully briefed and ripe for decision. No Scheduling Conference is currently set, and no discovery deadlines are pending.

Because of fundamental and uncurable defects in Plaintiff's Complaint, Defendants filed a fully dispositive Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), seeking to dismiss the Complaint without leave to amend [Dkt. No. 30] ("Motion to Dismiss"). Defendant's Motion challenges Plaintiff's very authority to bring this suit because the plain language of 34 U.S.C. § 12601 demonstrates that Congress did not authorize the Department of Justice ("DOJ") to bring facial challenges to legislative enactments. Motion to Dismiss at 11-18; Reply in Support of Motion to Dismiss ("Reply") at 2-10.  For more than thirty years, DOJ never asserted it could bring this sort of claim, and no court has sanctioned Plaintiff's expansive theory. Motion to Dismiss at 19; Reply at 10.  These arguments are addressed at length in the Motion to Dismiss.

The Motion likewise challenges the Court's jurisdiction because Plaintiff lacks standing. Because the relief afforded by the statute is directly tailored to

2

redressing specific law enforcement misconduct, the supposed injury Plaintiff alleges here is not redressable as relief would be limited to the two random law enforcement agencies named in Plaintiff's Complaint. It would not prevent the enforcement of the statute in any circumstances because district attorneys across the state can continue to prosecute every violation of the large-capacity magazine restriction. Given these fundamental issues, the proper course is to tread cautiously and stay discovery while the Court assures itself that it has jurisdiction and that DOJ even has authority to bring this claim.

A stay in this case is further warranted because the Supreme Court's forthcoming decision in *Viramontes v. Cook County*, No. 25-238 (U.S.), and *Grant v. Higgins*, No. 25-566 (U.S.) (collectively, "*Viramontes*") is likely to impact any discovery in this case, especially expert discovery, and will require the Court to analyze the forthcoming decision as part of its ultimate adjudication of the merits questions, should it survive Defendants' Motion to Dismiss. In *Viramontes*, the Supreme Court granted certiorari in two consolidated cases challenging state and local laws prohibiting possession of "AR-15 platform and similar semiautomatic rifles." Pet. for Cert. at i, *Viramontes*, No. 25-238 (U.S. Aug. 27, 2025); *see* Pet. for Cert. at i, *Grant*, No. 25-266 (U.S. Nov. 7, 2025). As detailed below, courts across the country have stayed cases pending *Viramontes*, including similar magazine-capacity cases and in another of the novel Section 12601 cases brought by Plaintiff to facially challenge a legislative enactment.

## ARGUMENT

Federal courts recognize that staying discovery may be appropriate when an early dispositive motion may fully resolve the case. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Colo. ex rel. Suthers v. Western Sky Fin., L.L.C.*, No. 11-cv-00887-RED-KMT, 2011 WL 2457861, at *1 (D. Colo. June 20, 2011) (citing *Vivid Techs.*). The decision is within the Court's discretion because "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation and quotations omitted).

In considering a stay in this district, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public

interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934,
2006 WL 894955, at *2 (D. Colo. March 30, 2006) (citations omitted).

While the Court may stay discovery pending any dispositive motion,
"decisions from this District have concluded that stays are generally *favored* when a
jurisdictional defense under Rule 12(b)(1) is asserted." *Morris v. Frontier Airlines,
Inc.*, No. 25–CV–3912–NYW–KAS, 2026 WL 63444, at *2 (D. Colo. Jan. 8, 2026)
(citations and quotation omitted).

Here, each of the *String Cheese* factors weighs in favor of staying discovery.

### 1. Plaintiff's Interest

Plaintiff will suffer no prejudice from staying discovery until after the Motion
to Dismiss is resolved. DOJ misinterprets and misapplies its authority under
Section 12601 to challenge a state law. A stay will save taxpayer dollars and
resources while the Court determines if DOJ has any authority to act. Further, the
challenged statute has been in effect for more than a decade. Having waited 13
years to bring this claim, Plaintiff cannot now credibly claim an interest so
compelling that discovery must proceed while this Court considers Defendants'
Motion to Dismiss and determines whether Plaintiff even has the authority to bring
this action.

To the extent that Plaintiff asserts urgency to "vindicate the rights of
Colorado citizens," Compl. ¶ 6, such vindication does not rest on the resolution of
this lawsuit because so many others can—and do—challenge Colorado's large-

capacity magazine restriction. *See, e.g.*, *Colorado Outfitter Ass'n v. Hickenlooper*, 823 F.3d 537, 549–551 (10th Cir. 2016); *Rocky Mountain Gun Owners v. Polis*, 467 P.3d 314, 329-331 (Colo. 2020); *People v. Sgaggio*, Case No. 2023CV296 (El Paso Cnty. Dist. Ct., Nov. 12, 2024), *cert. denied sub nom*, No. 24SC805, 2025 WL 764629 (Colo. 2025). In fact, at least two Colorado state courts are considering the constitutionality of the Colorado law right now, in criminal cases that can directly address the matter without first requiring resolution of the entirely novel issues Plaintiff presents here. *See* Motion to Dismiss Under the Second Amendment, *People v. Salas*, 25M2118 (Denver County Court, 2026); *see also* Motion to Dismiss Large Capacity Magazine Charge Under the Second Amendment, *People v. Gieseler*, 25M7239 (Denver County Court, 2026). As these numerous efforts to challenge Colorado's large-capacity magazine restriction underscore, the present action is hardly necessary for interested citizens to challenge the statute's perceived infirmities.

In addition, Defendant has instituted a litigation hold which will ensure no relevant information is lost while discovery is stayed. *See Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012) (ordering stay of discovery in part because defendants had instituted a litigation hold to preserve evidence).

### 2. Burden on Defendant

The burden to Defendant if a stay is not granted is conversely high. Devoting substantial resources to complying with the demands of civil discovery and disclosure obligations in this case would take away from Defendants' ability to fulfill their normal everyday obligations to enforce the law and thereby protect and promote public safety for Coloradans.

Furthermore, based on past practice, these types of cases involve substantial expert discovery. Defendants face the immediate expense and burden of engaging and retaining expert witnesses if discovery moves forward before the Motion to Dismiss is decided. If this case proceeds into discovery, both sides will likely need to secure expert witness testimony regarding, for among other things, the prevalence of AR-15 style semi-automatic rifles and large-capacity magazines within the United States and Colorado, and the operation and durability of firearm magazines. *See, e.g.*, *Gates v. Polis*, Order on Defendant's Motion to Partially Strike Expert Report and Partially Exclude Expert Testimony under F.R.E. 702, No. 22-cv-1866-GPG (D. Colo. June 30, 2023), Dkt. 56.

Based on the Colorado Department of Law's defense of other facial challenges to Colorado's large-capacity magazine restriction, including in *Gates*, Defendants anticipate that arranging such expert witness testimony will be burdensome and expensive. As stewards of taxpayer money, Defendants seek to conserve limited government resources and expend them only when it is clear that this case will

move past its Motion to Dismiss. *See Colo. Cas. Ins. Co. v. Brock USA LLC*, No. 11-cv-02527-DME-KMT, 2012 WL 1110092, at *2 (D. Colo. Apr. 3, 2012) (concluding a stay of discovery was appropriate to "abate expenses that would be incurred in connection with fact and expert discovery" pending a ruling on the dispositive motion); *Serna v. City of Colorado Springs*, Case No. 23-cv-728-DDD-MDB, 2023 WL 5017259, at *4 (D. Colo. Aug. 7, 2023) (finding the burden on a government defendant "weighs heavily in favor of a stay.").

All of this burden is further increased because of the forthcoming Supreme Court decision in *Viramontes*. Regardless of the outcome of that case, the Supreme Court's analysis and guidance will substantially affect any discovery in this case, especially expert discovery. There is no reason for the parties to engage in discovery now and then have to redo much of that work again after *Viramontes* is decided.

Furthermore, Defendants' Motion to Dismiss argues that Plaintiff lacks constitutional standing because the violation it alleges cannot be redressed by this suit. *See* Motion to Dismiss at 23-29. In short summary, Plaintiff has sued two random law enforcement agencies to enjoin their enforcement of Colorado's large-capacity magazine restriction, but a favorable ruling would not redress the alleged harm because declaratory and injunctive relief here would have no impact or effect on the myriad other law enforcement officers or prosecutors across the state. Courts in this District rightly identify that stays of discovery are not only available but are *favored* in situations like this where the Court has before it a pending jurisdictional

8

defense under Rule 12(b)(1). *See Morris*, 2026 WL 63444, at *2. Defendants'
alternate argument—that Section 12601 grants Plaintiff limited authority to root
out police misconduct and abuses, not to launch a facial challenge against a state's
laws, *see* Motion to Dismiss at 11-22—is similarly meritorious and uncurable by
Plaintiff.

Accordingly, a stay is warranted to avoid forcing Defendants to engage in
burdensome and costly discovery that may ultimately be unnecessary. *See String
Cheese*, 2006 WL 894955, at *2 (finding that "subjecting a party to discovery when a
motion to dismiss . . . is pending may subject him to undue burden or expense").

### 3.  Convenience to the Court

"[I]t is certainly more convenient for the Court to stay discovery until it is
clear that the case will proceed." *Advanced Career Techs., Inc. v. Does*, No. 13-cv-
00304-WJM-KLM, 2014 WL 3749218, at *1 (D. Colo. July 30, 2014) (citations
omitted). Staying discovery on claims that may well be dismissed—particularly on
jurisdictional grounds—will relieve this Court from having to needlessly go to the
trouble of overseeing scheduling issues and adjudicating discovery disputes. *See
Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("[I]t is appropriate for a
court to stay discovery until a pending dispositive motion is decided, especially
where the case is likely to be finally concluded as a result of the ruling thereon;
where the facts sought through uncompleted discovery would not affect the
resolution of the motion[.]").

Beyond that general convenience to the Court, this case uniquely merits a stay because the Supreme Court's forthcoming decision in *Viramontes* will impact this case, including discovery. In *Viramontes*, the Supreme Court granted certiorari in two consolidated cases challenging state and local laws prohibiting possession of "AR-15 platform and similar semiautomatic rifles." Pet. for Cert. at i, *Viramontes*, No. 25-238 (U.S. Aug. 27, 2025); see Pet. for Cert. at i, *Grant*, No. 25-266 (U.S. Nov. 7, 2025).

Across the country, courts have used similar standards to address large-capacity magazine restrictions and semiautomatic rifle restrictions. *See, e.g. Barnett v. Raoul*, 180 F.4th 1035, 1046 (7th Cir. 2026) (considering together "whether the Act's restrictions on AR-15s and thirty-round rifle magazines pass muster"); *Nat. Assoc. for Gun Rights v. Lamont*, 153 F.4th 213, 240-47 (2d Cir. 2025) (considering historical analogues for large-capacity magazines and semiautomatic rifle restrictions in tandem). It is thus likely that the Supreme Court's resolution of the issues in *Viramontes* will shed considerable light on the merits issues presented here should the Court deny Defendants' Motion to Dismiss.

For example, in granting the petitions in *Viramontes*, the Supreme Court took no action on the large-capacity magazine restriction cases that are currently before it. *See, e.g.*, *Duncan v. Bonta*, No. 25-198 (U.S.). One explanation to that decision is that the Court is holding those cases pending resolution of *Viramontes. See, e.g.*, *Duncan*, No. 25-198, Suppl. Br. for Pet'rs. (U.S. Aug. 3, 2026) (describing

10

the Court as "hold[ing]" the large-capacity magazine cases before it "pending

resolution of *Viramontes* and *Grant*").

Consistent with this approach, several other courts have stayed magazine-

capacity cases pending *Viramontes. See, e.g., Yzaguirre v. District of Columbia,*

Order, 22-cv-2256, (D.D.C. July 28, 2026), Dkt. 34 (staying all proceedings pending

*Viramontes* and *Grant* over plaintiff's request to continue discovery); *McDonald v.*

*Katz,* Order, 26-cv-1305 (E.D. Va. July 24, 2026), Dkt. 31 (staying all deadlines

pending *Viramontes* and *Grant*); *Bevis v. City of Naperville*, Minute Order, 22-cv-

4775 (N.D. Ill. July 20, 2026), Dkt. 126 (staying all proceedings pending *Viramontes*

and *Grant*); *Capen v. Campbell*, Order, 22-cv-11431 (D. Mass. July 9, 2026) (same);

*Benson v. United States*, Order, 22-cf-5996 (D.C. July 10, 2026) (staying en banc

briefing pending *Viramontes* and *Grant*); *but see Ocean State Tactical, LLC v. Rhode*

*Island*, Order, 22-cv-0246 (D.R.I. July 14, 2026) (denying plaintiffs' motion to stay

because the case "is 4 years old" and "[i]t is neither prudent nor acceptable to let

this case linger longer."). And another district court stayed a case brought by

Plaintiff under its Section 12601 authority, albeit one challenging a restriction on

semiautomatic rifles, not large-capacity magazines. *See United States v. District of*

*Columbia*, Minute Order, 25-cv-4458 (D.D.C. August 5, 2026).

While Plaintiff's facial challenge concerns Colorado's large-capacity magazine

restriction, not AR-15 platform or similar semiautomatic rifles, the Supreme Court's

decision will inform the adjudication of this case and how the parties put together

11

their case during discovery. In *Viramontes*, the Supreme Court is likely to provide guidance on how courts decide challenges to bans on alleged "arms." In doing so, the Court is likely to provide guidance on some of the key contested issues in this case, including what "arms" are covered by the Second Amendment, what it means for an instrument to be "in common use," and what historical principles apply to modern governments' ability to restrict types of weapons. In all, the Supreme Court is likely to provide critical guidance in a hotly contested area that will significantly affect discovery in this case, if it is ever necessary.

### 4. Interests of Non-Parties

If discovery in this case proceeds, it may entail third-party discovery. Postponing discovery and the resolution until after this Court addresses Defendants' Motion to Dismiss benefits non-parties who would not bear the burden of discovery that is likely never to be necessary.

### 5. Public Interest

Regardless of the perceived importance of a particular case, "[t]he public has an interest in conserving judicial resources." *Benedict v. Manfred*, Case No. 23-cv-1563-DDD-KAS, 2024 WL 6907069, at *5 (D. Colo. Apr. 18, 2024). "Avoiding wasteful efforts by the Court clearly serves this interest" through the "efficient and just resolution" of a matter. *See Hedin v. Amedisys Holding, L.L.C.*, No. 13-cv-02150-REB-KLM, 2013 WL 6075796, at *2 (D. Colo. Nov. 19, 2013). Because of that interest, this factor weighs in favor of a stay in situations like these with "the

12

possibility that this case may be resolved with a ruling on the pending motion to dismiss." *Morrill v. Aarhaus*, No. 24-cv-0199-PAB-KAS, 2024 WL 5509967, at *2 (D. Colo. July 9, 2024) (citations omitted).

## CONCLUSION

Because the factors bearing on whether to stay civil discovery and disclosures favor a stay, Defendants respectfully request this Court enter an Order staying all discovery pending the Court's resolution of Defendants' Motion to Dismiss.

Dated: August 14, 2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General of Colorado

/s/ David Moskowitz
David Moskowitz
*Deputy Solicitor General*
Peter Baumann, *Senior Assistant Attorney General*
Gabe Podesta, *Senior Assistant Attorney General*
Sam Wolter, *Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David Moskowitz
David Moskowitz
*Deputy Solicitor General*

14