**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:26-cv-01950-SKC-TPO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF COLORADO, and
COLORADO DEPARMENT OF PUBLIC SAFETY,

Defendants.

---

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants have moved this Court to stay discovery pending resolution of Defendants' Motion to Dismiss. [ECF 39]. The motion should be denied for the reasons set forth below.

On June 30, 2026, Defendants filed their Motion to Dismiss. On July 21, 2026, Plaintiff filed its Response in Opposition to Defendants Motion to Dismiss. On August 14, 2026, Defendants filed their Motion to Stay Discovery.

As a preliminary matter, no Scheduling Conference is currently set, and no discovery deadlines are pending. *See* Minute Order [ECF 29]. Defendants acknowledge this. Defendants' Mot., 2. Federal Rule of Civil Procedure Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." A Rule 26(f) conference has not yet occurred. Moreover, the scheduling conference set for September 1, 2026, was vacated. In summary, no discovery is currently permitted, and no party has sought discovery. At this time, there is no discovery for the Cour to stay. Therefore, Defendants' motion

is not ripe. See *United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019) (under the ripeness doctrine courts do not adjudicate premature and abstract matters).

To the extent that Defendants' Motion is ripe, Defendant's do not meet their burden under the *String Cheese* factors. In considering a discovery stay, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (citations omitted). Plaintiff has a very strong interest in proceeding expeditiously with this civil action at such time as discovery commences. As to the interests of third parties, this action exists to vindicate Coloradans' Second Amendment rights. The continued enforcement of an unconstitutional statute represents continued prejudice to Plaintiff's and third parties' interests. Denial of this motion will not burden the Defendants at this time, because Plaintiff has not sought discovery. That is why the motion is not ripe. If Plaintiff does propound extensive discovery before the motion to dismiss is resolved, Defendants can bring their motion at that time. convenience of the Court and the public interest do not appear to militate in either direction. In summary, the applicable *String Cheese* factors weigh in favor of denying Defendants' Motion.

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendants' Motion to Stay Discovery.

DATED: August 21, 2026

Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

R. JONAS GEISSLER

Deputy Assistant Attorney General

BARRY K. ARRINGTON
Acting Chief
Second Amendment Section

*/s/ Patrick Todd*
__________________________
PATRICK TODD
Trial Attorney
Second Amendment Section
PATRICK TODD
WILLIAM J. HANRAHAN
Trial Attorneys
Second Amendment Section

United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Telephone:(202) 304-8447
E-Mail: barry.arrington@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA