IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01950-SKC-TPO

United States of America,

Plaintiff,

v.

State of Colorado, Colorado Department of Public Safety,

Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY [ECF NO. 39]**

---

Plaintiff's Response—arguing primarily that the motion to stay discovery is unripe—is without basis. The Response fails to refute or even largely address the significant reasons a stay is merited in this instance. Plaintiff does not contest either: (1) that Defendants have submitted a substantial, fully dispositive motion because Plaintiff lacks both standing and authority to bring this action, or (2) that there is a pending Supreme Court case that is likely to provide guidance as to the litigation of this case, even if it were to survive a motion to dismiss. Because those factors and others favor a stay and are unrebutted, the Court should stay discovery for the reasons outlined in Defendants' Motion. Defendants reply briefly to address three specific points.

*First*, the Motion is ripe because a prompt ruling on the Motion would obviate the need for the Court to re-set the Scheduling Conference. The purpose of the

ripeness doctrine is to prevent courts "from entangling themselves in abstract disagreements." *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012). But the disagreement between the parties over whether discovery should be stayed in this matter pending resolution of Defendants' Motion to Dismiss is not abstract—Defendants favor such a stay, and Plaintiff opposes it. Mot. at 1. A key purpose of the motion is to obviate the need to re-set the Scheduling Conference, which would immediately trigger various discovery obligations, including initial disclosures under Rule 26(a)(1)(A). Mot. at 13. The issue is "fit[] . . . for judicial resolution," *Rural Water Dist. No. 2*, 698 F.3d at 1275, because no additional information would assist the Court in assessing the Motion, and whether to begin incurring the expenses associated with discovery presents "a direct and immediate dilemma" for Defendants, *id.* The Motion is ripe. The Court should stay discovery and not re-set the Scheduling Conference.

*Second*, that Plaintiff "has not sought discovery," Pl.'s Resp. to Mot. at 2, is irrelevant to Defendants' grounds for a stay. Defendants' Motion highlighted the "immediate expense and burden of engaging and retaining expert witnesses" as the primary burden on Defendants if discovery proceeds, not the expenses related to responding to Plaintiff's requests. Mot. at 7. Plaintiff's Response does not address that concern, or that expert discovery in past, similar, cases has been both "burdensome and expensive." *Id.* Nor does Plaintiff suggest it won't seek discovery if discovery is not stayed and the case moves forward.

*Finally*, Plaintiff asserts that a stay of discovery is prejudicial to both it and third parties, Pl.'s Resp. to Mot. at 2, but does not address that third parties against whom the statute might be applied can themselves challenge Colorado's large-capacity magazine restriction. *See* Mot. at 5-6. Plaintiff offers no reason why moving forward with its novel use of federal pattern and practice authority is necessary to vindicate the rights of Coloradans who can challenge—and have in the past challenged—a statute that has been law in Colorado for more than a decade.

## CONCLUSION

For these reasons and those outlined in the Motion, Defendants respectfully request that the Court stay discovery and disclosures in this case pending resolution of Defendants' Motion to Dismiss [Dkt. 30].

Dated: August 28, 2026

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General of Colorado

/s/ Peter G. Baumann
David Moskowitz
*Deputy Solicitor General*
Peter G. Baumann, *Senior Assistant Attorney General*
Gabe Podesta, *Senior Assistant Attorney General*
Sam Wolter, *Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Carmen Van Pelt
Carmen Van Pelt